```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

ANGELA DOWNING,

       Plaintiff,

v.                           Case No. 8:14-cv-2219-T-33AEP

BOSTON SCIENTIFIC CORPORATION,
ET AL.,

       Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to the jurisdictional briefs filed by the parties, including Plaintiff Angela Downing's request for an order of remand. (Doc. ## 17, 19). For the reasons that follow, having duly considered the filings of the parties, the Court remands this action to State Court pursuant to 28 U.S.C. § 1447(c) because this Court lacks subject matter jurisdiction.

**I.**   **Background**

Downing alleges that she was injured after being implanted with Boston Scientific's and Ethicon's pelvic mesh devices at St. Anthony's Hospital in St. Petersburg, Florida on May 5, 2010, to treat "pelvic organ prolapse and stress urinary incontinence." (Doc. # 2 at ¶¶ 43-44). Downing contends that she was forced to undergo a second "corrective

surgery" at Tampa General Hospital to "revise and remove Defendants' products." (Id. at ¶ 45). Downing further contends that:

> As a direct and proximate result of defects in Defendants' products and the wrongful conduct, acts, omissions, and fraudulent misrepresentations of Defendants, Plaintiff Angela Downing has experienced significant mental and physical pain and suffering, undergone surgeries and revisionary procedures, and has sustained permanent injuries. Additionally, she will most likely have to undergo additional corrective procedures in the future. Plaintiff has also suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, and has endured impaired physical relations.

(Id. at ¶ 49).

Downing filed a Complaint in the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida on July 15, 2014, naming the following Defendants: Boston Scientific Corporation, Ethicon, Inc., Ethicon LLC, Johnson & Johnson, Jacqueline Barry, Stephen McCastlain, Selena Mitseas, Gregory Prine, Hugh Richeson, and Jay Shellhammer. (Doc. # 2). Downing's Complaint asserts the following causes of action against all Defendants: (1) strict products liability -- failure to warn; (2) strict products liability -- design defect; (3) negligence; (4) breach of implied warranty; (5) breach of express warranty; (6) fraud by concealment; and (7) negligent infliction of emotional distress.

2

On September 5, 2014, Boston Scientific Corporation, Johnson & Johnson, and Ethicon LLC (hereafter, the "Corporate Defendants") removed this action to this Court, predicating the Court's exercise of subject matter jurisdiction on complete diversity of citizenship. (Doc. # 1). However, the Corporate Defendants acknowledge that Downing, along with the six individually named Defendants (Barry, McCastlain, Mitseas, Prine, Richeson, and Shellhammer) are citizens of Florida. The Corporate Defendants assert that this Court may nevertheless exercise subject matter jurisdiction over this case under the doctrine of fraudulent joinder.

On September 8, 2014, this Court directed the parties to brief the Court regarding subject matter jurisdiction. (Doc. # 6). The parties have submitted their respective briefs. (Doc. ## 17, 19). Among other arguments, the Corporate Defendants seek an Order staying this case in its entirety pending transfer to the Judicial Panel on Multidistrict Litigation for transvaginal mesh cases.[1] Downing, on the other hand, seeks an Order of remand based on a lack of complete diversity of citizenship. After considering these

---

[1] The Court declines to consider the Corporate Defendants' motion to stay at this juncture because "No court can do any act in any case, without jurisdiction of the subject-matter." Ex parte McCardle, 74 U.S. 506, 511 (1868).

arguments, the Court remands the action to State Court based on a lack of subject matter jurisdiction.

## II. Analysis

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

In removed cases, 28 U.S.C. § 1447(c) specifies, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Removal statutes are strictly construed against removal. Shamrock Oil & Gas Co. v. Sheets, 313 U.S. 100, 108 (1941). Any doubt as to propriety of removal should be

resolved in favor of remand to State Court. Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).[2]

### A. Fraudulent Joinder

"In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts." Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998)(quoting Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)(citing Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989)). "The burden of establishing fraudulent joinder is a heavy one. Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." Pacheco de Perez, 139 F.3d at 1380 (citing Cabalceta, 883 F.2d at 1562).

"The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the Fifth Circuit Court of Appeals prior to the close of business on September 30, 1981, as binding precedent.

5

parties." Pacheco de Perez, 139 F.3d at 1380. The Court must review the factual allegations in the light most favorable to the plaintiff and must resolve uncertainties about the applicable law in favor of the plaintiff. Id.

The fact that the plaintiff may not ultimately prevail against the resident defendant is of no consequence. Id. The role of the court is not to weigh the merits of a plaintiff's claim beyond the determination of whether the claim is colorable under state law. Id. at 1380–81 (quoting Crowe, 113 F.3d at 1538). As stated in Stillwell v. Allstate Insurance Co., 663 F.3d 1329 (11th Cir. 2011), "all that is required to defeat a fraudulent joinder claim is a *possibility* of stating a valid cause of action." Id. at 1333 (emphasis added)(citing Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)).

### B. Claims against Florida Defendants

The Corporate Defendants have not advanced the argument that Downing has fraudulently pled jurisdictional facts. Instead, the Corporate Defendants assert that there is no possibility the Downing can establish a cause of action against the resident defendants. Pacheco de Perez, 139 F.3d at 1380. However, "Florida law recognizes a cause of action in fraud against pharmaceutical sales representatives."

6

Hroncich v. Wyeth, No. 2:03-cv-659-FtM-29SPC, 2004 U.S. Dist. LEXIS 26726, at *5 (M.D. Fla. Jan. 12, 2004)(citing Albertson v. Richardson-Merrell, Inc., 441 So. 2d 1146 (Fla. 4th DCA 1983)).

As Downing argues in her jurisdictional brief, she has "alleged that misrepresentations were made by the sales representative defendants, to Plaintiff's prescribing physician . . . [which] dealt with the safety and efficacy of the product, the warnings given by the sales representatives regarding the product and the instructions on the use of the product." (Doc. # 19 at 5). Downing also explains that she "named these specific sales representatives because they were responsible for marketing and selling the incontinence and pelvic organ prolapse products that Plaintiff's physician used during Plaintiff's implant surgery on May 5, 2010." (Id. at 7).

As was the case in Hroncich, the Corporate Defendants have not demonstrated that Downing "has no reasonable possibility of stating a valid cause of action as to the [] non-diverse defendants. Therefore, the [] individual defendants were not fraudulently joined, and complete diversity is absent." 2004 U.S. Dist. LEXIS 26726, at *5. See also Little v. Wyeth Labs., Inc., No. 8:99-cv-2244-T-17 (M.D.

7

Fla. Dec. 9, 1999)("The individual sales representative need not make fraudulent representations directly to the plaintiff. After carefully reviewing this case, the Court finds that plaintiff has made sufficient allegations against the non-diverse defendants to support, at least, a cause of action for fraud.").

Without weighing the merits of Downing's claims, the Court finds that Downing has made a possible, colorable claim under Florida law against the non-diverse Defendants. Therefore, because the Corporate Defendants have not met their burden of establishing fraudulent joinder, the Court remands the action to State Court.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) The Clerk is directed to **REMAND** this action to State Court pursuant to 28 U.S.C. § 1447(c) because this Court lacks subject matter jurisdiction.

(2) After remand has been effected, the Clerk shall close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th of September, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

8

Copies: All Counsel of Record